NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

Eastern District of Kentucky
FILED
MAR 28 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 07-CV-24-DLB

ANTWAUN GILDEN     PLAINTIFF

VS:     **MEMORANDUM OPINION AND ORDER**

OFFICER CHRIS TWEHUES and
COVINGTON POLICE DEPARTMENT     DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Antwaun Gilden, an individual currently confined at the Boone County Detention Center in Burlington, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 and an application to proceed *in forma pauperis*. His motion will be granted in a separate Order.

The complaint is before the Court for initial screening.[1] 28 U.S.C. §1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

## CLAIMS

The plaintiff alleges that (1) the defendant officer used excessive force against him, and (2) both defendants made him a victim of racial profiling.

## DEFENDANTS

The plaintiff names the Covington, Kentucky, Police Department and Covington Police Officer Chris Twehues as the defendants.

---

[1] As a *pro se* pleading, the complaint is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* pleading must be taken as true and construed in favor of the *pro se* litigant. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

## RELIEF

The plaintiff seeks damages and a criminal investigation.

## PRIOR CLAIMS

The Court has already noted that this is the second *pro se* complaint against Officer Twehues which the plaintiff has filed with regard to the same incident. On June 8, 2006, while incarcerated in the Grant County Detention Center in Williamstown, Kentucky, he filed *Antwaun Montai Gilden v. Officer Chris Twehues*, Covington No. 06-CV-120-WOB. In the previous case, also brought *pro se,* Gilden sought damages, claiming that Twehues shot him in the buttocks negligently and in violation of his civil rights because excessive force was used.

The docket of the previous case reveals that Gilden's mail, including copies of the Court's Orders which were sent to the address provided by the plaintiff, was twice returned by postal authorities, and Gilden did not notify the Clerk of the Court of any change of address. His cause of action was dismissed, without prejudice, for failure to prosecute.

## ALLEGATIONS HEREIN

There was no further word from the plaintiff after the dismissal of his 2006 lawsuit until February 16, 2007, when the Clerk of the Court received the instant *pro se* complaint. It is entitled, "Civil Action for Violation of Civil Rights."

Like its predecessor, the complaint herein is only two pages long and it, too, contains the flat accusation that Twehues used "excessive force, in regards to the incident that happen [sic] on 6/02/05, during which time the plaintiff was shot in the buttocks during a chase of the plaintiff." Gilden also alleges herein that after he was shot and handcuffed, he was struck several times on the side and three of his ribs were cracked. In addition to the same excessive force claim, the plaintiff this time alleges that he was the victim of racial profiling, a violation of both state and federal law.

2

Plaintiff claims that he is now permanently disabled and currently "is still unabled [sic] to sit down," for which he seeks five million dollars. Further, he alleges that there was a departmental cover-up about the incident. Gilden states that he wants a formal inquiry and a reopening of the Covington Police Department's internal affairs case, No. 189.

## DISCUSSION

In the case *sub judice*, filed February 16, 2007, like the plaintiff's previous case, filed June 8, 2006, Gilden complains of an incident which took place on June 2, 2005. More than a year had passed from the date of the incident until he filed his first complaint; and more than a year-and-a-half, some 20 months, passed from the date of the incident until the filing of this second complaint.

The state statute of limitations for personal injuries governs claims under the federal constitution and 42 U.S.C. §1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986). Therefore, for the instant civil rights action arising in Kentucky, including the excessive force and equal protection claims urged herein, the Court must apply Kentucky's statute of limitations, and it is one year. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (§1983 actions in Kentucky are limited by the one-year statute of limitations found in §413.140(1)(a)).

Therefore, the Court finds that the plaintiff's constitutional claims--and any state claims--were time-barred at the time when the complaints were filed to commence the lawsuits. The Supreme Court of the United States has recently endorsed *sua sponte* dismissal of a complaint containing claims which are clearly time-barred, the High Court writing as follows:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example,

3

> show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .

*Jones v. Bock,* 127 S.Ct. 910, 920-921, 2007 WL 135890,\*\*10 (2007).

This Court finds, from the instant plaintiff's allegations on the face of the complaint herein, that the relief he seeks is barred by Kentucky's one-year statute of limitations. Accordingly, the Court will dismiss the complaint for failure to state a claim.

Even had the complaint been timely, however, the plaintiff would not have been able to proceed on his claim for injunctive relief, *i.e.*, that the Court direct a formal inquiry and that the resulting findings be passed down to the Covington Police Department. The Court construes this part of the complaint as seeking to initiate criminal actions against Defendant Officer Twehues.

However, it is the Executive Branch which has "exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon,* 418 U.S. 683, 693 (1974). Authority to initiate criminal complaints rests exclusively with state and federal prosecutors. *Sahagian v. Dickey,* 646 F. Supp. 1502 (W.D. Wis. 1986). Federal criminal actions must be initiated by a United States Attorney or a federal grand jury. *Kennedy v. Anderson,* 373 F. Supp. 1345, 1346 (E.D. Okla. 1974). A federal court has no authority to do so. *Sahagian* 646 F. Supp. at 1506.

Private parties have no right to file criminal complaints. *See S. v. D.*, 410 U.S. 614 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Gomez v. Whitney,* 757 F.2d 1005, 1006 (9th Cir. 1985) (the Court of Appeals affirming the District Court's grant of summary judgment and explaining that it could "find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim . . . ."); *Fulson v. City of Columbus,* 801 F. Supp. 1, 6 (S.C. Ohio 1992) (summary judgment for defendants granted).

Therefore, the plaintiff's construed request for an inquiry, with results to be passed on to the police, also fails to state a claim and warrants summary dismissal.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff Antwaun Gilden's complaint herein [Record No. 2] is **DISMISSED,** *sua sponte*, **WITHOUT PREJUDICE** for failure to state a claim upon which the Court may grant relief; and

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the two defendants.

This 27th day of March, 2007.



Signed By:
David L. Bunning
United States District Judge