UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 07-CV-24-DLB

ANTWAUN GILDEN             PLAINTIFF

VS:             **MEMORANDUM ORDER**

OFFICER CHRIS TWEHUES and
COVINGTON POLICE DEPARTMENT             DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court on plaintiff's post-judgment motion for reconsideration of the Court's Memorandum Opinion and Order dismissing his complaint.

## BACKGROUND

On February 16, 2007, Plaintiff Gilden, who was and is incarcerated in the Boone County Jail, instituted the instant *pro se* action against the Covington, Kentucky, Police Department and Covington Police Officer Chris Twehues regarding the police officer's conduct in apprehending the plaintiff in 2005. In a two-page self-styled complaint entitled, "Civil Action for Violation of Civil Rights," he alleged that Officer Twehues used "excessive force, in regards to the incident that happen [sic] on 6/02/05, during which time the plaintiff was shot in the buttocks during a chase of the plaintiff." Gilden also contended that after he was shot and handcuffed, he was struck several times on the side, which caused three of his ribs to crack. In addition to the excessive force claim, he contended that he was the victim of racial profiling, which was covered up. He sought damages and an investigation of the incident.

In response to a Deficiency Order from the Court, the plaintiff submitted a motion to proceed *in forma pauperis*, with supporting financial information. On March 28, 2007, the Court granted the

motion; but upon screening the complaint, however, the Court issued the Memorandum Opinion and Order dismissing the complaint on the ground that it was clearly barred by Kentucky's one-year statute of limitations and entered judgment against Gilden.

As the Court has already noted herein, this is the second *pro se* complaint against Officer Twehues which the plaintiff has filed with regard to the same incident. On June 8, 2006, the Clerk of this Court received a similar complaint from him and opened *Antwaun Montai Gilden v. Officer Chris Twehues*, Covington No. 06-CV-120-WOB. The Court issued a Deficiency Order with regard to the insufficiency of the allegations in the plaintiff's complaint and his failure to pay the district court filing fee, and provided forms for him to use to cure the deficiencies noted. The Court's docket in the previous case reveals that Gilden's mail, sent to the address provided by the plaintiff, was returned by postal authorities and Gilden did not notify the Clerk of the Court of any change of address.

On July 18, 2006, Gilden's first cause of action was dismissed, without prejudice, for his failure to prosecute, and this Order of Dismissal, too, was returned by postal authorities. There was no further word from the plaintiff after the dismissal of his 2006 lawsuit until the filing of this case.

## CURRENT MOTION

In his motion for reconsideration of the dismissal of this second case, Plaintiff Gilden admits that Kentucky's one-year statute of limitations is applicable. However, he contends that the first action against Twehues was filed within that year.

In support of his claim for reconsideration, Plaintiff recites the following dates: June 2, 2005, the date he was shot by Defendant Twehues; the statute of limitations thereon ran on June 2, 2006; and by that date, he had filed a timely cause of action for excessive force: his prior lawsuit.

2

Although the Court's docket shows that the filing of his prior action (06-CV-120-WOB), was on June 8, 2006, the plaintiff contends that he was incarcerated in the Grant County Detention Center in Williamstown, Kentucky, at the time he wrote the first complaint. Therefore, when he "handed his complaint/mail to the Deputy on May 30, 2006," for mailing, May 30th became the legal filing date under the rule for prisoners in *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Gilden further urges reconsideration with the following allegations:

> The Plaintiff being a pro-se litigant, understood this cause of action to be the same cause of action originally filed on May 30, 2006. The Plaintiff now believes that the issues have became confused because this Court is recognizing one complaint has two separate complaints.

Record No. 9 at 5. The plaintiff then makes the following request of the Court:

> The Plaintiff would ask this Court to re-open this cause of action, assign the original cause number to the action, allow him additional time to prepare an amended complaint consistent with this Courts Opinion in regards to the relief sought by the Plaintiff.

*Id.* at 6.

## DISCUSSION

The instant cause of action was dismissed on March 28, 2007, and the pending motion to reconsider was not filed until five weeks later, on May 9, 2007.

A motion to reconsider pursuant to Federal Rule of Civil Procedure 59 is to be brought within 10 days of the entry of judgment. Fed.R.Civ.P. 59(b). Further, Federal Rule of Civil Procedure 4(b) provides that the court may not extend the time for taking any action under Rule 59(b). Fed.R.Civ.P. 6(b); *Rhoden v. Campbell*, 153 F.3d 773 (6th Cir.), *cert. denied*, 526 U.S. 1007 (1998). As a matter or jurisdiction, the district court may not consider a late-filed motion for reconsideration pursuant to Rule 59(b). It is, therefore, not the province of this Court to grant the relief which the plaintiff

3

now requests under Rule 59.

Rather, a motion for reconsideration, filed outside the time permitted under Fed.R.Civ.P. 59(e), is properly construed as a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b). *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998). Because plaintiff's motion for reconsideration was filed outside the time for filing a Rule 59(e) motion, the Court construes his current motion as a Rule 60(b) motion. *See Donaldson v. Central Michigan Unitversity*, 109 Fed.Appx. 15, 17 (6th Cir. 2004) (unpublished) (citing *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995)), *cert. denied* 544 U.S. 932, *rehearing denied*, 544 U.S. 1057 (2005).

A Rule 60(b) motion may be granted only under six circumstances:

> . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). When none of the first five enumerated conditions apply, relief may be available only when exceptional or extraordinary circumstances are present. *Cincinnati Insurance Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998); *see also Donaldson*, 109 Fed.Appx. at 18.

Gilden does not explicitly base his motion for reconsideration on any particular subsection of Rule 60(b). Regardless, this Court asks "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers*, 141 F.3d at 268. Having done so, the Court finds that plaintiff is not entitled to relief, as he has presented none of the circumstances authorizing such relief under Rule 60.

4

Plaintiff states that he "understood this cause of action to be the same cause of action originally filed on May 30, 2006." To the extent that this statement means that Gilden misunderstood the law or the meaning of "without prejudice," his claim is examined under Rule 60(b)(1), authorizing relief for mistake, inadvertence, surprise, or excusable neglect.

To warrant relief under rule 60(b)(1), the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect and also a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir.1980). However, neither carelessness nor ignorance of the law on the part of the moving party will justify relief under Rule 60(b)(1). *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 685-87 (6th Cir. 1999); *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 558 n.1 (6th cir. 1996). Thus, plaintiff has failed to demonstrate the requisites necessary to warrant relief under Rule 60(b)(1).

Gilden's argument is similar to that of another *pro se* prisoner-plaintiff. In *Merriweather v. Wilkinson,* 83 Fed.Appx. 62, 2003 WL 22905293 (6th Cir. 2003) (not recommended for publication), Merriweather argued that he was entitled to relief from judgment under Rule 60(b)(1), based upon his own mistake and inadvertence when prosecuting his case *pro se.* He essentially argued that his *pro se* status and lack of legal training excused him from filing both objections to the magistrate judge's report and recommendation and a timely notice of appeal from the district court's complained-of judgment adopting the report and recommendation.

Under these circumstances, Merriweather was not entitled to relief under Fed.R.Civ.P. 60(b)(1) because he did not demonstrate the requisite mistake, inadvertence, surprise, or excusable neglect which are required to justify relief pursuant to that rule. *Merriweather*, 83 Fed.Appx. at 63-64, 2003 WL 22905293 at *1 (the Sixth Circuit citing *FHC Equities, L.L.C.*, 188 F.3d at 685-87;

5

*Saxion*, 86 F.3d at 558 n.1; and *Marshall*, 615 F.2d at 1160). So should it be with Plaintiff Gilden.

To the extent that Gilden's statement that he "understood this cause of action to be the same cause of action originally filed on May 30, 2006," can be construed to mean that he thought the original case would be continued when he filed the second complaint and that the Clerk's Office erred in setting up a new case, his claim would fail nonetheless. The complaint herein makes no reference to the previous case and/or his wanting to reopen or otherwise pursue another case further. There is, therefore, no mistake on the part of plaintiff or anyone else with the untimely filing and dismissal of the instant lawsuit.

In this case, Gilden has failed to state any valid ground justifying relief under 60(b)(1). The Court also finds that none of his allegations suggest relief would be appropriate under subsections (b)(2) through (b)(5). Nor has plaintiff presented exceptional or extraordinary circumstances which would justify relief under Rule 60(b)(6). In short, Plaintiff Gilden's allegations do not justify relief from the Court's dispositive Memorandum Opinion and Order dismissing his cause of action herein.

Assuming as true that Gilden gave his first complaint to his custodians to mail prior to June 3, 2006, so as to satisfy the statute of limitations, the Court notes that plaintiff did not appeal the dismissal or move to re-open it. After filing his first complaint at the eleventh hour against Twehues, he then let almost 9 months pass with no further word. During that period of time, the statute of limitations ran and this Court dismissed the complaint. When he finally did again make contact with the Office of the Clerk on February 16, 2007, it was to initiate the current cause of action, an action which, by then, was clearly time-barred.

## CONCLUSION

The Court finding that plaintiff has presented no equitable basis for granting him relief from the judgment entered herein, **IT IS ORDERED** that the motion of Plaintiff Antwaun Gilden to reconsider [Record No. 9] is **CONSTRUED** as a motion for relief from judgment and it is **DENIED**.

This 23rd day of May, 2007.



Signed By:
David L. Bunning
United States District Judge